≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Crystal Snider

## DEFENDANTS
City of Philadelphia, et al.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Andrew J. Stern, Esq., Kline & Specter, PC, 1525 Locust St., 19th Floor, Philadelphia, PA 19102    215-772-1000

Attorneys (If Known)
Craig Straw, Esq., City of Philadelphia Law Dept., 1515 Arch Street, 14th Floor, Phila., PA 19102   215-683-5381

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
5-5-14

SIGNATURE OF ATTORNEY OF RECORD
Craig Straw, Chief Deputy City Solicitor

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   3530 President Street, Philadelphia, PA 19114

Address of Defendant:   **Law Department, 1515 Arch Street, 14ᵗʰ Floor, Philadelphia, PA 19102**

Place of Accident, Incident or Transaction:  **3900 L Street, Philadelphia, PA**
                    *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
    (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).          Yes ☐          No ☐

Does this case involve multidistrict litigation possibilities?                                            Yes ☐          No ☐
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____          Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                  Yes ☐          No ☐

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
     action in this court?                                                        Yes ☐          No ☐

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
     terminated action in this court?                                             Yes ☐          No ☐

CIVIL: (Place   in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*                                    B.  *Diversity Jurisdiction Cases:*

1.   Indemnity Contract, Marine Contract, and All      Other  Contracts      1.   Insurance Contract and Other Contracts
2.   FELA                                                                     2.   Airplane Personal Injury
3.   Jones Act – Personal Injury                                              3.   Assault, Defamation
4.   Antitrust                                                                4.   Marine Personal Injury
5.   Patent                                                                   5.   Motor Vehicle personal Injury
6.   Labor-Management Relations                                               6.   Other Personal Injury (Please specify)
7.   Civil Rights                                                             7.   Products Liability
8.   Habeas Corpus                                                            8.   Products liability - Asbestos
9.   Securities Act(s) Cases                                                  9.     All other Diversity Cases
10.  Social Security Review Cases                                             (Please specify)
11.  All Other Federal Questions Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Craig M. Straw, counsel of record do hereby certify:

    ✗   Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

    ☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
exceed the sum of $150,000.00 exclusive of interest and costs;

    ☐   Relief other than monetary damages is sought.

DATE:  5-5-14                                                                              78212
                          Craig M. Straw, Esquire                                    Attorney I.D. #
                          Attorney-at-Law

    **NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above
DATE:  5-5-14                                                                              78212
                          Craig M. Straw, Esquire                                    Attorney I.D. #
                          Attorney-at-Law
CIV. 609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL SNIDER, Individually** | : | Civil Action |
| **3530 President Street** | : | |
| **Philadelphia, PA 19114** | : | |
| Plaintiff, | : | |
| | : | No. |
| v. | : | |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | |
| **c/o LAW DEPARTMENT** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **And** | : | |
| | : | |
| **OFFICER JOSEPH GUINAN Badge #2204** | : | |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
| | : | |
| **And** | : | |
| | : | |
| **OFFICER NICOLE ENGGASSER** | : | |
| **Badge #2781** | : | |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
| Defendants. | : | |

**CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                         (    )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                          (    )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    (    )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                    (    )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                       (    )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.            ( X )

| 5-5-14 | Craig M. Straw, Esquire | Defendants |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| (215) 683-5442 | (215) 683-5397 | craig.straw@phila.gov |
|---|---|---|
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL SNIDER, Individually** | : | **Civil Action** |
| **3530 President Street** | : | |
| **Philadelphia, PA 19114** | : | |
| **Plaintiff,** | : | |
| | : | **No.** |
| **v.** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | |
| **c/o LAW DEPARTMENT** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | *Formerly* |
| | : | **Court of Common Pleas** |
| **And** | : | **Philadelphia County** |
| | : | |
| **OFFICER JOSEPH GUINAN Badge #2204** | : | **August Term, 2013** |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | **No. 1707** |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
| | : | |
| **And** | : | |
| | : | |
| **OFFICER NICOLE ENGGASSER** | : | |
| **Badge #2781** | : | |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
| **Defendants.** | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Officer Joseph Guinan, Officer Nicole

Enggasser and City of Philadelphia (hereinafter "petitioners") through their counsel, Craig M. Straw, Chief Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.   In support thereof, defendants state the following:

1.      In August 2013, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, August Term, 2013; No. 1707.  (Exhibit A - Complaint).

2.  On April 24, 2014, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.  Plaintiff alleges that on August 20, 2011, she sustained damages when her civil rights were violated by the defendants. (Exhibit A ).

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, Officer Joseph Guinan, Officer Nicole Enggasser and City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**CRAIG M. STRAW**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 78212**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5442

Date:  5-5-14

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL SNIDER, Individually** | : | **Civil Action** |
| **3530 President Street** | : | |
| **Philadelphia, PA 19114** | : | |
| **Plaintiff,** | : | |
| | : | **No.** |
| **v.** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | |
| **c/o LAW DEPARTMENT** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | *Formerly* |
| | : | **Court of Common Pleas** |
| **And** | : | **Philadelphia County** |
| | : | |
| **OFFICER JOSEPH GUINAN Badge #2204** | : | **August Term, 2013** |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | **No. 1707** |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
| | : | |
| **And** | : | |
| | : | |
| **OFFICER NICOLE ENGGASSER** | : | |
| **Badge #2781** | : | |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
| **Defendants.** | : | |

## NOTICE OF FILING OF REMOVAL

TO:   Andrew J. Stern, Esquire
        KLINE & SPECTER, P.C.

1525 Locust Street, 19th Floor
Philadelphia, PA 19102

PLEASE TAKE NOTICE THAT on May 5, 2014, defendants, Officer Joseph Guinan,
Officer Nicole Enggasser and City of Philadelphia filed, in the office of the Clerk of the United
States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk
of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code,
Section 1446(e).

CRAIG M. STRAW
**Chief Deputy City Solicitor**
**Attorney I.D. No. 78212**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5442

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL SNIDER, Individually** | : | **Civil Action** |
| **3530 President Street** | : | |
| **Philadelphia, PA 19114** | : | |
|        **Plaintiff,** | : | |
| | : | **No.** |
|   **v.** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | |
| **c/o LAW DEPARTMENT** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | *Formerly* |
| | : | **Court of Common Pleas** |
| **And** | : | **Philadelphia County** |
| | : | |
| **OFFICER JOSEPH GUINAN Badge #2204** | : | **August Term, 2013** |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | **No. 1707** |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
| | : | |
| **And** | : | |
| | : | |
| **OFFICER NICOLE ENGGASSER** | : | |
| **Badge #2781** | : | |
| **c/o CITY OF PHILADELPHIA POLICE** | : | |
| **DEPARTMENT, Individually and in his** | : | |
| **Official Capacity** | : | |
| **24th Police District** | : | |
| **3901 Whitaker Ave** | : | |
| **Philadelphia, PA** | : | |
|        **Defendants.** | : | |

## CERTIFICATE OF SERVICE

    I, Craig M. Straw, Chief Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Andrew J. Stern, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

**CRAIG M. STRAW**
**Chief Deputy City Solicitor**
**Attorney ID No. 78212**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5442

Date: _____5-5-14_____

Exhibit "A"

571999   C

**KLINE & SPECTER,**
*A Professional Corporation*
By:      Andrew J. Stern, Esquire
         Elizabeth A. Crawford, Esquire
         Attorney I.D. No. 46510/303702
         1525 Locust Street, 19th Floor
         Philadelphia, PA  19102
         215-772-1000

**THIS IS NOT AN ARBITRATION CASE**

**JURY TRIAL DEMANDED** ed and Attested by
                        PROTHONOTARY
                        23 APR 2014 12:11 pm
                        J. MARTIN

Attorneys for Plaintiffs

CRYSTAL SNIDER, Individually
3530 President Street
Philadelphia, PA 19114
                              Plaintiff,
        v.

THE CITY OF PHILADELPHIA
c/o LAW DEPARTMENT
1515 Arch Street
Philadelphia, PA 19102

And
(SEE ATTACHED RIDER)

Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

AUGUST TERM, 2013

NO.  1707

## CIVIL ACTION

"NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
LAWYER REFERRAL & INFO
One Reading Center
Phila., PA 19107
(215) 238-1701

"AVISO"

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas dispuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante si requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA QUE SE ENCUENTRA ESCRITA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED INFORMACION SOBRE EMPLEAR A UN ABOGADO. SI USTED NO TIENE SUFICIENTE DINERO PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGAL A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO.

Asociacion de Licenciados
de Filadelphia
Servicio de Referencia e Informacion
One Reading Center
Phila., PA 19107
(215) 238-1701

Case ID: 130801707

R I D E R

| | |
|---|---|
| OFFICER JOSEPH GUINAN Badge #2204 | : |
| c/o CITY OF PHILADELPHIA POLICE | : |
| DEPARTMENT, Individually and in his | : |
| Official Capacity | : |
| 24th Police District | : |
| 3901 Whitaker Ave | : |
| Philadelphia, PA | : |
| | : |
| And | : |
| | : |
| OFFICER NICOLE ENGGASSER | : |
| Badge #2781 | : |
| c/o CITY OF PHILADELPHIA POLICE | : |
| DEPARTMENT, Individually and in his | : |
| Official Capacity | : |
| 24th Police District | : |
| 3901 Whitaker Ave | : |
| Philadelphia, PA | : |
| | : |
| Defendants | : |

## COMPLAINT

Plaintiff, Crystal Snider, by and through her attorneys, Kline & Specter, P.C., files this Complaint and states as follows:

## SUMMARY OF THE CASE

Plaintiff files this civil action under 42 U.S.C. § 1983 and the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution against the City of Philadelphia ("The City"). Plaintiff's claims stem from being repetitively raped after being arrested and in the care and custody of the Philadelphia Police.

## PARTIES, JURISDICTION AND VENUE

1. *Plaintiff, Crystal Snider* ("Ms. Snider") is an adult individual and resident of the Commonwealth of Pennsylvania, residing at 3530 President Street, Philadelphia, PA 19114.

2

2.      *Defendant, The City of Philadelphia* ("The City"), is a city, political subdivision, governmental entity and municipality in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1515 Arch Street, Philadelphia, Pennsylvania 19103.

3.      *Defendant, Police Officer Joseph Guinan,* is an adult individual and police officer of The City of Philadelphia Police Department, in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at the 24th Police District, 3901 Whitaker Avenue, Philadelphia, Pennsylvania

4.      *Defendant, Police Officer Nicole Enggasser,* is an adult individual and police officer of The City of Philadelphia Police Department, in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at the 24th Police District, 3901 Whitaker Avenue, Philadelphia, Pennsylvania.

5.      At all times relevant hereto, all Defendants named herein, individually and/or collectively, acted and/or failed to act through their agents, servants, employees, contractors and/or workmen, including but not limited to, The City of Philadelphia ("The City") and/or The City of Philadelphia Police Department ("Philadelphia Police Department"), and such acts and/or omissions were within the course and scope of Defendants' operations and businesses, and were under the direction, control, supervision and/or authority of Defendants'.

6.      At all times relevant hereto, all Defendants named herein, individually and/or collectively, acted and/or failed to act through their agents, servants, employees, contractors, and/or workmen and such acts and/or omissions were within the course and scope of Defendants' operations and businesses, and were under the direction, control and/or authority of Defendants.

Case ID: 130801707

7.     At all times relevant hereto, all Defendants purposely established significant contacts in Pennsylvania, have carried out, and continue to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducted and conduct business in Philadelphia County.

8.     The arrest and subsequent rape and assault occurred in Philadelphia County.

9.     Plaintiff and defendants are residents of Pennsylvania.

10.     The Philadelphia Court of Common Pleas is the proper jurisdiction and venue for this litigation.

## OPERATIVE FACTS

11.     On or about August 20, 2011 in the early morning hours, Plaintiff, Crystal Snider, was celebrating at a Philadelphia bar and thereafter took a taxi to her home located at or near 3900 L Street in Philadelphia.

12.     At approximately 2:50am, Ms. Snider was arrested for alleged public drunkenness and alleged disorderly conduct in front of her home by Philadelphia Police Officer Joseph Guinan and Philadelphia Police Officer Nicole Enggasser from the 24th Police District.

13.     Officers Guinan and Enggasser subsequently handcuffed Ms. Snider and placed her in their police car.

14.     After the defendant police officers had taken custody of Ms. Snider, she asked to be dropped off at home, but the Officers refused.

15.     Instead of taking her home, Officers Guinan and Enggasser took Ms. Snider to the police station and then discharged her in a dangerous high crime area knowing Ms. Snider was

Case ID: 130801707

highly vulnerable and likely to be a victim of crime.   Upon information and belief, the defendant police officers engaged in this conduct as a form of retribution and/or retaliation.[1]

16.    After the police left the scene, Ms. Snider was pulled into an unknown third party's vehicle in a desolate area where she was repetitively raped and beaten.

17.    Ms. Snider's pants were ripped, she was missing her shirt and shoes, and everything she had on her person was stolen.

18.    After calling 911, the Philadelphia police arrived at the scene at approximately 6:36am at or near Richmond and Beach Streets and she was taken to the Emergency Room at Temple University Hospital.

19.    At the Emergency Room at Temple University Hospital, Ms. Snider was noted to have been assaulted and sustained a fractured right elbow, contusions, scrapes and cuts.

20.    Ms. Snider was subsequently taken to the Special Victims Unit, where a rape kit was completed.

21.    At the scene of the rape, an empty condom wrapper and Ms. Snider's shirt were found.

22.    Despite requests by Ms. Snider, no subsequent investigation was undertaken by the Philadelphia Police Department and/or the City of Philadelphia.

23.    As a direct and proximate result of all Defendants' deliberate and conscious disregard for public safety, as well as the deliberate indifference, recklessness, carelessness, and/or negligence described herein, Ms. Snider has suffered and will continue to experience pain and suffering, discomfort, disfigurement, embarrassment, humiliation, mental and

---

[1] Pre-Complaint discovery was conducted because the undersigned counsel does not currently possess any police records and/or documentation after Plaintiff was arrested in front of her home and placed in the police car to the time she was picked up again by police approximately 2.5 miles away from her home after being repetitively raped.  To date, Plaintiffs have yet to receive the August 2011 Patrol Logs because the City contends that the logs "cannot be located."

Case ID: 130801707

emotional distress, and mental anguish. In addition, she has been burdened and will continue to be burdened in pursuing her usual duties, activities, avocations, and responsibilities. She has suffered and will continue to suffer great inconvenience and a loss of enjoyment of life, liberty and property and of the pleasures that life, liberty and property afford individuals in a civil society.

24.     Ms. Snider's injuries, including substantial claims for her past and future pain and suffering, emotional distress, disfigurement and loss of enjoyment of life and life's pleasures, as well as substantial claims for past and future medical expenses and lost earnings and earning capacity, was caused, jointly and severally, by the deliberate and conscious disregard for public safety, as well as the deliberate indifference, recklessness, and carelessness of the Defendants and in no way were caused by an act or failure to act by the Plaintiff.

## COUNT I: VIOLATION OF SECTION 1983
### *Plaintiff, Crystal Snider v. Defendants*

25.     Plaintiff incorporates the preceding paragraphs of this Complaint and makes them a part hereof as if fully set forth at length herein.

26.     At all times relevant to this action, Defendant, The City, and its agents and/or officers were acting under the color of state law.

27.     The City and/or agents and/or officers affirmatively intervened, took Ms. Snider to the police station, and discharged Ms. Snider in a recognized crime area despite knowledge of her severe intoxication which was a deliberate and conscious disregard and indifference for the safety of Ms. Snider, which ultimately caused and/or made Ms. Snider more vulnerable to the directly foreseeable harm in violation of her civil rights under the Fourteenth Amendment.

28.     The harm ultimately caused to Ms. Snider was directly foreseeable in that:

Case ID: 130801707

a.   The Philadelphia Police Department and/or officers and/or other agents of The City knew that Ms. Snider was severely intoxicated at 2:50am on August 20, 2011 because they arrested her for alleged public drunkenness and disorderly conduct;

b.   The Philadelphia Police Department and/or officers and/or other agents of The City recognized the inherent danger of severe intoxication, which exposes Ms. Snider and other residents in her vicinity to a significant degree of serious harm;

c.   The Philadelphia Police Department and/or officers and/or other agents of The City arrested Ms. Snider for alleged public drunkenness and disorderly conduct and subsequently discharged her in a recognized crime area with knowledge that Ms. Snider was severely intoxicated; and

d.   The subsequent harm (rape and assault) was foreseeable as The Philadelphia Police Department and/or officers and/or other agents of The City knew of Ms. Snider's intoxication and she was discharged in a recognized crime area in the middle of the night.

29.     The City acted with a high degree of culpability, based on its deliberate and reckless indifference that shocks the conscience, in that The Philadelphia Police Department and/or officers and/or other agents of The City discharged her in a high crime area knowing Ms. Snider was severely intoxicated for reasons which include, *inter alia*, a form of retribution and/or retaliation.

30.     A relationship between Philadelphia Police Department and Ms. Snider existed such that Ms. Snider was a foreseeable victim of the Philadelphia Police Department's actions because by arresting her, placing her in handcuffs and placing her in the back of the squad car.

7

Moreover, by virtue of her arrest, Ms. Snider was in the care and custody of the Philadelphia Police Department and/or other officers and/or other agents of The City.

31.    The Philadelphia Police Department and/or other officers and/or other agents of The City affirmatively misused its authority in a way that created a highly foreseeable danger to Ms. Snider and/or rendered Ms. Snider more vulnerable to danger than had the City not acted at all, in that Ms. Snider was in front of her home when they arrested her and they took her into their care and custody. The Philadelphia Police Department and/or officers and/or other agents of The City discharged her in a high crime area knowing Ms. Snider was severely intoxicated for reasons which include, *inter alia*, a form of retribution and/or retaliation, which created a highly foreseeable danger to Ms. Snider and/or rendered Ms. Snider more vulnerable to danger than had the City acted at all.

32.    All of the acts of The Philadelphia Police Department and/or officers and/or other agents of The City, described in detail above, independently and directly caused the harm and/or made Ms. Snider more vulnerable to the harm because the danger to Ms. Snider did not exist prior to the commission of the above mentioned affirmative acts and/or misuse of authority.

33.    The affirmative acts and/or misuse of authority as set forth herein was the proximate cause of Ms. Snider's injuries as previously set forth herein and made Ms. Snider more vulnerable to the rape and assault which caused her severe and permanent injuries.

34.    The conduct as set forth and herein evidences The City's creation of a state created danger, which violated Ms. Snider's rights under the Fourteenth Amendment.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants for an amount substantially in excess of the jurisdictional limits for arbitration for Philadelphia County

in compensatory damages, delay damages, interest, and allowable costs of suit and bring this action to recover such damages.

## COUNT II: NEGLIGENCE
### Plaintiff, Crystal Snider v. Defendants

35.    Plaintiff incorporates the preceding paragraphs of this Complaint and makes them a part hereof as if fully set forth at length herein.

36.    At all times relevant hereto, Ms. Snider was in the care and custody of the Philadelphia Police Department and/or its officers and/or its agents of The City (collectively referred to as "Defendants").

37.    At all times relevant hereto, Defendants, individually and/or collectively, knew or should have known that Ms. Snider posed a risk to herself and/or others due to her severe intoxication.

38.    At all times relevant hereto, Defendants, individually and/or collectively, negligently, carelessly, and recklessly acted and/or failed to act through their respective agents, servants, employees, contractors, agents and/or workmen, and such acts and/or omissions were within the course and scope of Defendants' business and were under Defendants' control and direction and/or with Defendants' authority.

39.    Despite the obligations and responsibilities of Defendants, the aforementioned Defendants negligently, carelessly and recklessly misused their authority.

40.    Defendants acted negligently, carelessly, and recklessly by amongst other things:

a. Discharging Ms. Snider in a recognized crime area in the middle of the night with the knowledge that Ms. Snider was severely intoxicated for reasons which include, *inter alia*, a form of retribution and/or retaliation.

9

Case ID: 130801707

b. Failing to provide special precautions which would have protected Plaintiff from the particular and unreasonable risk and/or risks of physical harm which Defendants recognized or should have recognized likely to be created;

c. Failing to train and supervise their police officers properly;

d. Failing to hire competent police officers;

e. Breaching their duties under the *Restatement of the Law of Torts (Second)*;

f. Failing to warn Plaintiff of the peculiar, dangerous and/or unsafe conditions;

g. Exposing plaintiff to unreasonable danger;

h. Misusing their authority;

41.     Despite the knowledge of Ms. Snider's severe intoxication and despite the fact Ms. Snider was in Defendants' care and custody, Defendants' conduct, which is detailed at length above, and incorporated by reference, constituted reckless indifference to the rights of Ms. Snider.

42.     Due to Defendants' outrageous conduct, and because of Defendants' reckless indifference to the rights of others, Plaintiff hereby demands punitive damages from Defendants in accordance with Pennsylvania law.

43.     Punitive damages are necessary here in order to punish Defendants for their reckless conduct and to deter them and others like them from similar conduct, including the misuse of authority, in the future.

44.     The Defendants' actions and/or omissions were committed with reckless disregard for the safety of others, thereby justifying punitive damages.

Case ID: 130801707

45.    As a direct result of the negligence, carelessness, and recklessness of Defendants, Plaintiff has suffered the damages detailed at length above which are incorporated herein by reference in their entirety.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants for an amount substantially in excess of the jurisdictional limits for arbitration for Philadelphia County in compensatory damages, delay damages, interest, and allowable costs of suit and bring this action to recover such damages.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *Plaintiff, Crystal Snider v. Defendants*

46.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth at length herein.

47.    Defendants' conduct described herein was extreme and outrageous when Defendants knew and/or should have known that it would cause severe emotional distress to Plaintiff.

48.    Defendants' conduct was extreme and outrageous because Defendants and/or its employees and/or agents discharged Plaintiff in a dangerous high crime area knowing that Plaintiff was highly vulnerable and likely to be a victim of crime.

49.    Defendants' conduct was extreme and outrageous because Defendants and/or its employees and/or agents because, upon information and belief, the defendant police officers engaged in this conduct as a form of retribution and/or retaliation.

50.    The conduct attributed to Defendants described herein was done with reckless disregard to the safety and well being of the Plaintiff.

51.    As a direct and proximate cause of Defendants' extreme and outrageous conduct, Ms. Snider was assaulted and raped.

11

52.     Ms. Snider experienced intense and severe conscious pain and suffering relating to this horrific assault and rape.

53.     As a result of the outrageous and reckless conduct of Defendants, Ms. Snider suffered severe emotional distress including, but not limited to, severe anxiety, nightmares, withdrawal, depressive episodes, impaired appetite and loss of confidence.

54.     This intentional infliction of emotional distress qualifies as an exception to the Fair Share Act, 42 Pa.C.S. §7102, and therefore Defendants are jointly and severally liable for all damages relating to Ms. Snider's assault and rape.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for an amount substantially in excess of the jurisdictional limits for arbitration for Philadelphia County in compensatory damages, delay damages, and punitive damages, interest and allowable costs of suit and bring this action to recover such damages.

Respectfully Submitted,

**KLINE & SPECTER, P.C.**
A Professional Corporation


By: */s/ Andrew J. Stern, Esquire*
        Andrew J. Stern, Esquire
        Elizabeth A. Crawford, Esquire
        Attorneys for Plaintiff

Dated: April 23, 2014

12

Case ID: 130801707

## VERIFICATION

I, Andrew J. Stern, Esquire, the attorney for Plaintiff in this matter, hereby affirms and states the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief.  It is intended that Plaintiff's Verification will be substituted subsequently.

I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

/s/ *Andrew J. Stern, Esquire*
Andrew J. Stern, Esquire

Dated: April 23, 2014

13

Case ID: 130801707

## CERTIFICATE OF SERVICE

I, Andrew J. Stern, Esquire, hereby certify that on April 23, 2014, a true and correct copy of the foregoing Plaintiff's Complaint was served upon all counsel for the Defendants listed below via electronic filing and First Class Mail:

Craig M. Straw, Esquire
City of Philadelphia Law Department
City Solicitor's Office
One Parkway, 1515 Arch Street, 14th to 17th Floors
Philadelphia, PA 19102-1595
*Attorney for Defendants The City of Philadelphia, Police Officer Joseph Guinan and Police Officer Nicole Enggasser*

**KLINE & SPECTER,**
*A Professional Corporation*

By: */s/ Andrew J. Stern, Esquire*
    Andrew J. Stern, Esquire
    Elizabeth A. Crawford, Esquire
    Attorneys for Plaintiff

Case ID: 130801707